## The People of the State of Illinois, Defendant in Error, v. Los Moreland, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Fayette county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

### Statement of the Case.

Prosecution by the People of the State of Illinois against Los Moreland on an indictment consisting of two counts. The first count charged defendant, a married man with living with an unmarried woman in an open state of adultery and fornication, and the second count charged him with living with a married woman in an open state of adultery. The jury returned the verdict: "We the jury find the defendant Los Moreland guilty of adultery in the manner and form as charged in the indictment." From a judgment entered on the verdict, defendant prosecutes a writ of error.

F. M. GUINN and E. B. SPURGEON, for plaintiff in error.

J. G. BURNSIDE, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. ADULTERY, § 4*—*sufficiency of indictment to sustain conviction.* Where an indictment consists of two counts, the first charging the defendant, a married man, with living with an unmarried woman in an open state of adultery and fornication, and the second charging

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

him with living with a married woman in an open state of adultery, *held* that a conviction could be had under the first count only where the woman named was divorced from her husband.

2. ADULTERY, § 7*—*when verdict not responsive to the indictment.* Under an indictment charging a married man with living with an unmarried woman in an open state of adultery and fornication, a verdict finding the defendant guilty of adultery in the manner and form as charged in the indictment, *held* not responsive to the indictment for the reason that it did not find that defendant was guilty of openly living together with the woman named, such being necessary to constitute the crime.

3. ADULTERY, § 3*—*when adultery or fornication constitutes a crime.* The commission of adultery or fornication, however immoral, is not a crime under our statutes; to constitute the crime there must be an open living together by the parties in a state of adultery and fornication.